

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GLEN MOORE,                  §
                             §
        Plaintiff,           §
                             §
VS.                          §    NO. 4:17-CV-287-A
                             §
ALLSTATE TEXAS LLOYDS,       §
                             §
        Defendant.           §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Allstate Texas Lloyds, to dismiss. The court, having considered the motion, the response of plaintiff, Glen Moore, the record, and applicable authorities, finds that the motion should be granted.

I.

Proceedings

On January 16, 2017, plaintiff filed his original petition in the 236th Judicial District Court of Tarrant County, Texas. On April 5, 2017, defendant filed its notice of removal, bringing the action before this court. Doc.[1] 1.

By order signed May 8, 2017, the court ordered plaintiff to file an amended complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure and Local Civil Rules of this court. Doc. 12. On May 19, 2017, plaintiff filed his amended complaint. Doc. 13. On June 5, 2017, defendant

---

[1]The "Doc. __" reference is to the number of the item on the docket in this action.

filed its motion to dismiss and supporting memorandum of law.
Docs. 14 & 15.

II.

Plaintiff's Claims

Plaintiff owns property located at 4503 Cresthaven, Colleyville, Texas (the "property"). Doc. 13 at 2, ¶¶ 4, 5. Plaintiff purchased a residential insurance policy from defendant to cover the property for a loss due to storm-related events. Id., ¶ 6. On or around November 28, 2015, the property suffered damage due to storm related conditions. Id., ¶ 7. On or around January 3, 17, and 30, 2016, defendant conducted inspections of the property. Id. at 2-3, ¶¶ 9, 13, 14. Defendant sent correspondence to plaintiff dated February 15, 2016, "stating a laundry list of perils, which [defendant] would not cover under the claim." Id. at 3, ¶15. Plaintiff refers to this as defendant's "no storm damage determination." Id. at 4, ¶ 20. Plaintiff says that he did not receive the damage coverage for which he had contracted. Id. at 5, ¶ 25.

Plaintiff asserts claims for breach of contract, breach of duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") and "tie-in-statutes."

III.

Ground of the Motion

Defendant maintains that plaintiff has failed to plead any claim that is plausible on its face.

IV.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint

must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Claims alleging violations of the Texas Insurance Code and DTPA of the kind asserted here are subject to the requirements of Rule 9(b). Onmi USA, Inc. v. Parker-Hannifin Corp., 798 F. Supp. 2d 831, 836 (S.D. Tex. 2011); Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

V.

Analysis

As defendant notes, plaintiff has pleaded very few facts at all. He has not explained what happened or the nature of, or even the extent of, the damages his property allegedly incurred. He says that defendant inspected the property three times, but he does not explain what defendant did or failed to do that he alleges made the inspections inadequate. He does not plead the date on which he made his claim or explain why he says defendant's response was untimely. He recites laundry list items from various statutes, but alleges no facts to explain or support the allegations.

As the court previously noted in a similar case, no plausible cause of action for breach of contract can be stated unless there is an allegation as to the exact nature of the contract, including a statement as to the defendant's obligations under the contract, how the defendant failed to comply with its contractual obligations, and how that damaged the plaintiff. Radenbaugh v. State Farm Lloyds, No. 4:13-CV-339-A, 2013 WL 4442024, at *4 (N.D. Tex. Aug. 16, 2013). Here, at most, plaintiff's complaint seems to be that he did not get paid as much as he thinks he should have been paid, but he has not

alleged any facts to show that defendant breached a contract between them.

There can be no recovery for extra-contractual damages for mishandling claims unless the complained of acts or omissions caused an injury independent of those that would have resulted from a wrongful denial of policy benefits. <u>Parkans Int'l LLC v. Zurich Ins. Co.</u>, 299 F.3d 514, 519 (5th Cir. 2002). In other words, the manner in which the claims was investigated must by the proximate cause of the damages alleged. <u>Provident Am. Ins. Co. v. Castaneda</u>, 988 S.W.2d 189, 198-99 (Tex. 1998). Here, plaintiff has not alleged such a separate injury.

In response to the motion, plaintiff does not cite or discuss any authorities to support his contention that he has pleaded sufficiently to state a claim. Rather, he simply maintains that his conclusory allegations and regurgitation of the Texas Insurance Code and DTPA are sufficient. However, threadbare recitals and conclusory statements do not suffice to set out a viable cause of action. <u>See</u> <u>Luna v. Nationwide Prop. & Cas. Ins. Co.</u>, 798 F. Supp. 2d 821, 827 (S.D. Tex. 2011).

VI.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed.

SIGNED July 11, 2017.

_____
JOHN McBRYDE
United States District Judge